# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDWIN ARNOLD, JR.,

Defendant.

Case No. 2:17-cr-00042-APG-CWH

**ORDER**

Presently before the court is defendant Edwin Arnold, Jr. Motion to Sever Defendants for Trial (ECF No. 107), filed on April 4, 2019, the government's response (ECF No. 110), filed April 25, 2019, and Arnold's reply (ECF No. 113), filed May 2, 2019.

## BACKGROUND

Defendants Edwin Arnold and Shamariae Jones are charged with violations of 18 U.S.C. § 1951, Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery (Hobbs Act Robbery); 18 U.S.C. §924(c)(1)(A)(ii), Brandishing of a Firearm in a Crime of Violence; and 18 U.S.C. § 2113(a) and (d) Bank Robbery. (Indictment (ECF No. 12).) They are scheduled for trial on June 3, 2019. Arnold moves to sever his trial because a joint trial will be manifestly prejudicial to him. The government opposes the motion, arguing that any prejudice can be cured by the handling of evidence during trial. Arnold replies that it is inevitable that the jury will conclude that Jones implicates Arnold, and so severance is required.

## DISCUSSION

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations

omitted). "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id.* (citations omitted).

Rule 14 provides relief from joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way—by severing the trial." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989) (citation omitted). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id.* (citation omitted). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). "A joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified by* 425 F.3d 1248 (9th Cir. 2005). Further, "[j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (citations omitted).

Arnold first argues that a failure to sever the trial will result in a violation of his Sixth Amendment right to confront the witnesses against him. Specifically, the admission of an incriminating statement to law enforcement officers by co-defendant Jones at a joint trial will violate Arnold's right to confrontation because the admissions directly incriminate Arnold. He also argues that redaction of his name does not mitigate the harm when he is the only other defendant. The government responds that it recognizes its obligations under the *Bruton v. United States*, 391 U.S. 123, 126 (1969), line of cases. It asserts that it will be an easy task to redact any

reference to Arnold from Jones's statement, which is on video, and will ensure that other witnesses do not implicate Arnold while describing Jones's admissions. The court agrees that a proper redaction to eliminate Arnold's name and reference to his existence will ensure that the Confrontation Clause is not violated. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *and see United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008) ("[w]here a statement does not allude to the defendant, or where all references have been deleted, his right of confrontation is not abridged") (*quoting United States v. Hernandez*, 608 F.2d 741, 749 (9th Cir. 1979)). Accordingly, the court finds that Arnold has not met his high burden of demonstrating that severance is warranted based on potential *Bruton* issues.

Second, Arnold claims that he will be prejudiced by joinder because the jury will consider his co-defendant's admissions and then presume that an equal amount of evidence must exist against him, which will result in "spill over" prejudice, implicating his Fifth Amendment due process rights. The government responds that there is another person, "T-Wad," who is a third individual identified as being involved in the robberies, which undermines Arnold's argument.

It is possible that the evidence is stronger against Jones than it is against Arnold. However, that fact, standing alone, is not sufficient to justify severance. *See United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984) ("The fact that there may be more incriminating evidence against one defendant than there is against another, is insufficient to justify a separate trial for the latter."). Rather, the focus is on "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility." *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (citations omitted). "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (*quoting United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999) (superseded on other grounds by regulation) (internal citations and quotations omitted). Here, there is nothing to

suggest that the potential prejudice identified by Arnold cannot be cured by a limiting instruction. And the existence of a third possible participant makes it likely that spill-over is not an issue. It is not enough to show that separate trials would create a better chance for acquittal. Therefore, the court finds the severance is not warranted based the "spill over" prejudice rationale.

Third, Arnold argues that severance is appropriate because his defense strategy is mutually antagonistic to the defense strategy of his co-defendant. Arnold speculates that Jones's defense strategy will, by necessity, concede many of the government's allegations, which would hamper his defense and create the potential for spillover prejudice. Arnold does not describe the defense strategy he intends to employ.

A defendant is entitled to severance based upon mutually antagonistic defenses only if "the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir.1996), *cert. denied*, 519 U.S. 1132 (1997). Further, the Supreme Court has held that co-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another or if it is logically impossible for a jury to believe both co-defendants' defenses. *United States v. Blankenship*, 382 F.3d 1110, 1125 (11th Cir. 2004) (discussing *Zafiro v. United States*, 506 U.S. 534 (1993)). If Arnold's defense is that he is not the person who committed the crimes, Arnold's defense is not antagonistic with Jones's defense because the defenses are not irreconcilable—Jones could have committed the crimes with someone else. Arnold has failed to show how his individual theory of defense would be so irreconcilable with Jones's theory as to preclude a jury from deciding guilt or innocence if both defenses were presented in a joint trial. The fact that a co-defendant admits his guilt does not necessarily lead to the conclusion that another co-defendant is also guilty. As a result, the court finds that severance is not warranted under the antagonistic or mutually exclusive defense rationale.

/ / /

/ / /

/ / /

IT IS HEREBY ORDERED that Defendant Edwin Arnold's Motion to Sever Defendants for Trial (ECF No. 107) is DENIED.

DATED: May 15, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE