# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN ARNOLD, JR.,<br><br>Defendant. | Case No. 2:17-cr-00042-APG-DJA<br><br>**REPORT AND RECOMMENDATION** |

Presently before the Court is Defendant Edwin Arnold's Motion to Suppress (ECF No. 180), filed on January 13, 2021. The Government filed a Response (ECF No. 182) on January 27, 2021. Defendant did not file a Reply. The Court finds this matter properly resolved without a hearing.

**I.   BACKGROUND**

Defendant again moves to suppress statements he made to law enforcement officers on January 26, 2017 along with the currency found shortly after those statements - as fruits of the poisonous tree. (ECF No. 180). He argues that in response to his prior motion to suppress on this issue, the Government previously conceded that it would not use any statements made by Defendant while in FBI custody or any evidence derived thereof at trial. As such, Defendant claims that the doctrine of judicial estoppel should apply to hold the Government to that position. Further, Defendant argues that his statements made after his arrest must be suppressed because he did not receive a constitutionally adequate *Miranda* warning in violation of his Fifth and Sixth Amendment rights. Defendant also argues that the currency, which was allegedly from the bank robbery for which he is charged and was found after a search of his grandmother's residence where he was living, must also be suppressed as fruits of the poisonous tree. He claims that the exclusionary rule reaches this derivative evidence.

The Government responds that the Motion should be denied because it is redundant given that the Government has already represented that it will not admit Defendant's custodial statements during its case-in-chief. (ECF No. 182). Also, the Government highlights that the Court already ruled that those statements were voluntarily made and therefore admissible for impeachment. Moreover, the Government indicates that it will also not seek to admit evidence of the robbery proceeds and apology letters during its case-in-chief. However, the Government reserves the right to seek to admit the statements and derivative evidence if Defendant opens the door and makes it relevant and admissible.

## II.   DISCUSSION

On May 8, 2017, Defendant filed a Motion to Suppress that targeted the statements he made to FBI Special Agent Schlumpf. (ECF No. 38). Defendant argued that he did not understand his *Miranda* warnings and that these statements should therefore be suppressed. In response, the Government argued the Motion should be denied as moot because the Government did not intend to introduce the statements made by Defendant in its case-in-chief. (ECF No. 42). On June 5, 2017, Judge Hoffman issued a Report and Recommendation that recommended that the Motion be denied as moot given the Government's concession it does not intend to introduce the statements or any evidence derived from them in its case-in-chief. (ECF No. 49). On July 13, 2017, Judge Gordon adopted the Report and Recommendation after neither party objected. (ECF No. 52).

On October 23, 2019, the Government filed a Motion in Limine seeking to introduce Arnold's voluntary statements as potential impeachment evidence. (ECF No. 145). Defendant opposed the Motion by arguing the *Miranda* warnings were not sufficient. (ECF No. 146). The Government replied that the statements were voluntarily-made and should be available for the limited purpose of impeachment. (ECF No. 147). Judge Gordon conducted an evidentiary hearing on December 18, 2019. (ECF No. 154). After hearing testimony from FBI Special Agent Schlumpf and Defendant, Judge Gordon found that the statements would be admissible as impeachment if Defendant testified differently than what was in his statements given to the

agents. Judge Gordon did not address the issue of the admissibility of the currency or any derivative evidence because the parties did not raise that issue at that time.

Having carefully reviewed and fully considered the parties' arguments, the Court finds that Defendant's renewed Motion to Suppress is moot given the Government's re-asserted representations that it will not introduce the statements in its case-in-chief. Further, Judge Gordon has already ruled that those statements would be admissible as impeachment. (ECF No. 154). Filing a renewed Motion to Suppress is not an appropriate way to challenge that decision or seek reconsideration of Judge Gordon's Order that the statements may be utilized for impeachment evidence.

As for the derivative evidence, like the currency, the Court will again accept the Government's representation that it will not introduce the currency and derivative evidence in its case-in-chief. As such, the Court need not reach the issue of whether the currency would be admissible at this time. Indeed, if the Government believes that Defendant has opened the door to the admissibility of the currency, then it may raise the admissibility of the derivative evidence with the District Judge at that time.

### III.   CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Defendant Arnold's Motion to Suppress Evidence (ECF No. 180) be **DENIED as moot**.

### IV.   NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 23, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE