UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff<br><br>v.<br><br>EDWIN ARNOLD, JR., et al.,<br><br>   Defendants | Case No.: 2:17-cr-00042-APG-DJA<br><br>**Order Denying Defendant Arnold's Motion to Vacate**<br><br>[ECF No. 316] |

      A jury convicted Edwin Arnold, Jr. of ten counts relating to a string of armed robberies. Arnold moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 arguing his attorney was ineffective for failing to (1) challenge the indictment, (2) challenge a search warrant, and (3) negotiate a plea deal. I previously denied Arnold's motion as to the first two grounds, but I ordered supplemental briefing and documents as to the plea negotiations. ECF Nos. 326; 337; 344. I have now reviewed this additional information and I deny Arnold's motion.

      To prevail on an ineffective assistance of counsel claim, Arnold must prove that (1) his attorney's "representation fell below an objective standard of reasonableness," and (2) his attorney's deficient performance prejudiced Arnold such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). I must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994). The right to effective

assistance applies during "critical stages" of criminal proceedings, including plea bargaining. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (quotation omitted).

Arnold argues that he declined a plea offer that would have recommended a sentence of seven years and one day because the proposed plea agreement's fact section included a robbery with an incorrect address that Arnold feared would expose him to additional penalties. Arnold asserts that he told his attorney, Thomas Ericsson, about the error, and Ericsson refused to bring this information to the government because Ericsson believed the government would not correct the error. The government responds that the incorrect address in the agreement is a typographical error but the agreement otherwise describes a robbery charged in the superseding indictment and the error was therefore not material to Arnold's decision to reject the agreement.

I ordered Ericsson to submit an affidavit responding to Arnold's motion as well as any written communications or advice conveyed to Arnold about the plea agreement. ECF No. 337 at 2. I also ordered all parties to produce in their entirety any proposed plea agreements they possess. *Id.* The proposed plea agreement describes Arnold and his codefendant robbing a "Starbucks coffee shop at 3642 Boulder Highway in Las Vegas" on December 29, 2016. ECF No. 341-1 at 9. The superseding indictment describes a December 29, 2016 robbery at "the Starbucks coffee company located at 2430 East Flamingo, Las Vegas." ECF No. 122 at 3-4. Neither document describes any other robbery occurring on that date, so the address error appears to be typographical rather than describing an additional, uncharged robbery.

Ericsson states in his declaration that "[o]n multiple occasions during the course of the case, Mr. Arnold stated that he would accept a plea if he could get a sentence of 'seven years and a day.'" ECF No. 342 at 3. In the proposed plea agreement, the government agreed to jointly recommend a sentence of "7 years and 1 day imprisonment." ECF No. 341-1 at 13. But after

Ericsson presented this offer to Arnold, Arnold told Ericsson in a letter that the government's offer was a sign that prosecutors knew the case was weak and that pending motions to suppress might get the whole case dismissed. ECF No. 342 at 30-32.  Arnold instructed Ericsson to "get them to re-negotiate for time served thus giving them what they really want a conviction, or be ready to file the motion to kill the warrant, along with everything else we need to do." *Id.* at 32 (simplified).  Arnold does not mention the address error in this letter, and Ericsson declares that he "was never informed by Mr. Arnold that he thought there was an error in the proposed plea agreement.  Had [Arnold] done so, I would have certainly addressed the issue." *Id.* at 5.

      Arnold argues that his letter to Ericsson demonstrates a "break down (sic) in communication and decision making" and that Arnold later rereviewed the plea agreement, which is when he discovered the error and brought it to Ericsson's attention. ECF No. 347 at 2-3. Arnold's assertions that he would have agreed to this proposed plea agreement if only this typographical error were fixed, and that Ericsson refused to even try to fix the error, are not credible in light of Ericsson's affidavit and contemporaneous communications with Arnold. Ericsson advised Arnold that he would likely be convicted even if the motion to suppress was granted and that Arnold faced a far longer term of incarceration if he were convicted at trial. ECF No. 342 at 28.  Ericsson "strongly" recommended that Arnold accept the plea offer, and there is no evidence that Arnold ever expressed concern about the typographical error prior to filing his § 2255 motion. *Id.*

      I THEREFORE ORDER that defendant Edwin Arnold, Jr.'s motion under 28 U.S.C. § 2255 **(ECF No. 316) is DENIED**.

I FURTHER ORDER that no certificate of appealability shall issue because reasonable jurists would not find my assessment of the constitutional claims debatable or wrong and the questions presented do not deserve encouragement to proceed further.

I FURTHER ORDER the clerk of court to enter a separate civil judgment denying defendant Edwin Arnold, Jr.'s § 2255 motion. The clerk is kindly directed to file this order and the civil judgment both in this case and in the related civil case number 2:24-cv-01136-APG, and to close both files.

DATED this 25th day of June, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE